Raymond O. JONES and Mrs. Raymond O. Jones, Appellants,

v.

UNITED STATES of America, Appellee.

No. 7521.

United States Court of Appeals Tenth Circuit.

April 23, 1964.

Robert D. Scott, of Lamm & Scott, Tulsa, Okl., for appellants.

Phillips Breckinridge, Asst. U. S. Atty., Tulsa, Okl. (John M. Imel, U. S. Atty., Tulsa, Okl., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

■ This is an appeal from a judgment forfeiting to the United States a 1962 Mercury sedan alleged to have been used for the transportation of non-tax-paid whiskey in violation of the Internal Revenue Code, and thereby subject to forfeiture.[1] It is contended that the evidence is insufficient to establish that the seized car was used in the unlawful transportation of non-tax-paid liquor. This contention is without merit.

The Mercury was registered in the name of Raymond O. Jones, a known liquor law violator. An Oklahoma license plate which had been issued to him was attached to the automobile. By prior arrangement, at 8:30 P.M. on August 17, 1962, an agent of the Alcohol and Tobacco Tax Division was at the home of Doyle Rush in Oklahoma City, Oklahoma, for the purchase of a case of moonshine whiskey. Upon arrival Rush advised the agent that the whiskey had not arrived, but that he expected delivery soon. Rush and the agent waited on the front porch for about an hour when a dark blue automobile drove into the driveway of the Rush home, whereupon Rush went into the house, advising the agent that he "would be right back." In the meantime, the agent heard an automobile door and an automobile trunk lid slam and he also heard the back door of the Rush home close. A few minutes later the agent entered the house with Rush and found Raymond O. Jones and Norman Jones in the kitchen with a half-gallon of non-tax-paid whiskey. At the suggestion of Rush, the agent examined the half-gallon and agreed to buy six gallons for $35.00. The agent stated that the contents of the half-gallon container tasted like good whiskey, to which Raymond Jones replied: "You damned right, it is good whiskey; I wouldn't have brought it this far if it hadn't been." Jones then commented that he did not usually drink his own whiskey but would take a drink because he had had a long, hard day. Rush and the agent then left the house and found what appeared to be a number of cases of whiskey near the rear of the automobile parked in the driveway. One of these was placed in the agent's automobile and he paid Rush $35.00 for it. The tax had not been paid on the whiskey as required by the Internal Revenue laws.

Prior to the purchase of the whiskey, the agent had observed the Mercury over a period of time at the residence of Raymond O. Jones and was familiar with its description and the number on the license plate attached to it. The automobile which drove into Rush's driveway was the same dark blue color and had Jones' license plate on it. The automobile was not seized at that time but was taken on a later date. When government agents took possession of the Mercury it was of the same general description and had the same numbered license plate as

1. 26 U.S.C. § 7301(a), § 7301(e); 26 U.S.C. § 5205(a) (2), § 5601(a) (2), § 5604(a) (1), § 7206(4), § 7302.

the automobile which was at the Rush home when the liquor was purchased. Although the agent did not actually see the whiskey in the Mercury automobile, the only reasonable inference which can be drawn from the circumstances is that Jones brought the whiskey to the Rush home in that automobile and that it was the same car which was later seized. The finding is not clearly erroneous. Fed. Rules Crim.Proc. 52(a).

 Mrs. Jones, wife of Raymond Jones, claimed that she had a $1,000 interest in the car. She admitted that when she acquired the interest she knew her husband had been arrested six times for violations of the laws of the state or the United States relating to liquor, and knew that he had a record for such violations. Consequently, she could not enforce her claim against the seized automobile. 18 U.S.C. § 3617(b); United States v. Chieftain Pontiac Co., 10 Cir., 218 F.2d 115.

Affirmed.